IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CARFORA, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, *et al.*,<br><br>*Defendants*. | CASE NO. 1:21-cv-08384<br><br>**CONFIDENTIALITY AND RULE 502(d) AGREEMENT AND PROTECTIVE ORDER** |

KATHERINE POLK FAILLA, United States District Judge:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and commercially or competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality and 502(d) order governing the pretrial phase of this action.

IT IS HEREBY ORDERED that any person subject to this Order — including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1.  With respect to "Discovery Material" (i.e., information or documents of any kind produced or disclosed in the course of discovery in this action) that a Party, person or entity has designated as "Confidential" pursuant to this Order ("Confidential Discovery Material"), no

person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2. The Party, person or entity producing or disclosing Discovery Material ("Producing Party") may designate as Confidential the entire document or a portion of such material if it reasonably and in good faith believes that the Discovery Material consists of:

    a. confidential, trade secret, proprietary, competitively or commercially sensitive business or financial information, including without limitation research, market, technical, and analytical information;

    b. previously non-disclosed financial information (including without limitation profitability reports or estimates, pricing and revenue analyses or projections, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    c. previously non-disclosed material relating to ownership or control of any non-public company;

    d. previously non-disclosed business plans, product-development information, or marketing plans;

    e. non-public documents and correspondence provided to a regulator as part of an investigation;

    f. any private or confidential personal information;

    g. information prohibited from disclosure by law or statute;

    h. information protected by a right to privacy under federal or state law or statute, or any other applicable privilege or right related to confidentiality or privacy;

    i. information that is otherwise entitled to protection under the Federal Rules of

    Civil Procedure or the Local Rules of this Court; or

  j. any other category of information this Court subsequently affords confidential status.

3. With respect to Confidential Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such material as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected material or portion of the material in a manner that will not interfere with legibility or audibility.  Electronically stored information produced in native format may be designated Confidential without ensuring that every page of such document, when printed, contains a Confidential stamp.  The Producing Party may designate natively produced materials as Confidential by (a) producing a TIFF placeholder image corresponding to the natively produced material that includes a Confidential stamp, and (b) including Confidential on the label of the media or in the transmittal correspondence containing the natively produced materials.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material by: (a) indicating on the record at the conclusion of the deposition that the Party is designating all or portions of the deposition as "Confidential" (in which case a Confidential marking shall appear on each page of the final transcript that contains a designated passage); (b) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (c) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific portions of the transcript that are to be designated "Confidential," in which case all counsel receiving the

transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential. At the request of a Producing Party, persons not permitted access to Confidential Discovery Material shall not be present at depositions while the Producing Party's Confidential Discovery Material is discussed or otherwise disclosed.

5. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential all or some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated Discovery Material as Confidential. The Producing Party may produce a replacement document bearing the Confidential legend. In such instances, the receiving parties shall immediately return to the Producing Party or destroy (and certify such destruction in writing to counsel for the Producing Party) any material that lacked the Confidential legend upon receiving the replacement documents. The receiving Party shall use good faith efforts to gather and return or destroy all copies of the unmarked Confidential documents.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party, person or entity of its right to object to any discovery request; (b) a waiver of any privilege, protection or immunity; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    a. the named Parties to this action (John Carfora, Sandra Putnam, Juan Gonzalez,

TIAA, and TIAA-CREF Individual & Institutional Services LLC), their insurers, and counsel to their insurers;

b. counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

c. professional outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter, provided such vendors or service providers have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

d. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto (witnesses shall not retain a copy of any Confidential Discovery Material). If the Discovery Material is presented to the witness in a deposition, then a Non-Disclosure Agreement need not be executed;

g. any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    h. stenographers engaged to transcribe depositions the Parties conduct in this action; and

    i. this Court, including any appellate court, its support personnel, and court reporters (subject to the procedures described in Paragraphs 9 through 11 for public filings on the Electronic Case Filing System).

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(c), 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement and produce it to opposing counsel upon request. For the avoidance of doubt, counsel shall not be required to disclose the identities of experts or witnesses (7(f) and 7(g)) to opposing counsel prior to the time required for such disclosures under the Court's Case Management Plan (Dkt. 82) or other governing case management order.

9. In accordance with Rule 9 of this Court's Individual Practices, any Party filing documents under seal or with redactions must file with the Court a letter motion and supporting materials in the manner set forth in Rules 9.A-C of this Court's Individual Practices. Any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must be otherwise consistent with the presumption in favor of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). If the Confidential Discovery Material is being filed by a Party other than the Party that designated the Discovery Material as confidential, the document should be filed provisionally with redactions or under seal. The designating Party will then have three business days to file a motion to permanently seal or redact the Confidential Discovery Material.

10. The Court retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. Nothing in this Order shall be construed to affect the use of any information at any trial or hearing. Confidential Discovery Materials offered into evidence at a public hearing or trial shall no longer be treated as Confidential, unless the designating Party first obtains a separate protective order or other relief from the Court specifically relating to the materials used during the hearing or trial. The Party intending to present Confidential Discovery Materials at a hearing or trial must give the designating arty at least 7 days' notice, whether through an exhibit list or otherwise. Within 3 days thereafter, the Party whose confidential information is sought to be used may make an application for relief.

11. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted version of the Confidential Court Submission via the Electronic Case Filing System in the manner set forth in Rules 9.A-C of this Court's Individual Practices. The Parties shall serve opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

12. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. The objecting Party and the Producing Party shall meet and confer promptly in an attempt to resolve any disagreements. If the Parties cannot reach agreement, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 3(C) of this Court's Individual Practices.

13. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only"), may at any time before the trial of this action serve upon counsel for the recipient Party a written notice stating with particularity the grounds of the request. Counsel for the receiving Party shall consider the request in good faith, including the reasons why the Producing Party believes that the subject Discovery Material contains highly sensitive business or personal information, highly confidential business or personal information, and/or has significant competitive value, the disclosure of which would create a substantial risk of serious harm to an individual or to the business or competitive position of the Producing Party. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 3(C) of this Court's Individual Practices.

14. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so. If it is not possible for the Party to provide the Producing

Party with notice at least 10 days before any disclosure, the Party shall in good faith provide the Producing Party with notice at the soonest reasonable point prior to disclosure.

16. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Pursuant to Federal Rule of Evidence 502(d), the Parties agree that if, in connection with this litigation, a Party claims that it inadvertently disclosed information or documents subject to a claim of attorney-client privilege, attorney work product protection, or another privilege, protection or immunity ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, protection or immunity with respect to the Inadvertently Disclosed Information and its subject matter.

   a. If a Producing Party makes a claim of inadvertent disclosure, the receiving Party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information and documents have been returned or destroyed.

   b. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the Producing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

   c. The receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

   d. The Producing Party retains the burden of establishing the privileged or protected

nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any Party to request an *in camera* review of the Inadvertently Disclosed Information.

18. Within 60 days of the final disposition of this action, including all appeals, all recipients of Confidential Discovery Material must either return it — including all copies thereof — to the Producing Party, or, upon permission of the Producing Party, destroy such material, including all copies thereof. In either event, by the 60-day deadline, the receiving Party must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

19. Any Party issuing a subpoena or request for production to a third party shall notify the third party that the protections of this Order are available to such third party.

20. This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection or to remove any restriction in this Order. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.

21. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

22. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

Dated: August 15, 2024

/s/ Joel D. Rohlf
Andrew D. Schlichter, Bar No. 4403267
Jerome J. Schlichter*
Sean E. Soyars*
Joel D. Rohlf*
Nathan D. Stump*
SCHLICHTER BOGARD LLP
100 South Fourth Street, Ste. 1200
St. Louis, MO 63102
Phone: (314) 621-6115
Fax: (314) 621-5934
aschlichter@uselaws.com
jschlichter@uselaws.com
ssoyars@uselaws.com
jrohlf@uselaws.com
nstump@uselaws.com
*admitted pro hac vice

*Counsel for Plaintiffs*

/s/ Lori A. Martin (w/consent)
Lori A. Martin
Alan Schoenfeld
Brad E. Konstandt
Ryan Chabot
Gideon A. Hanft
WILMER CUTLER PICKERING
   HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 295-6412
Fax: (212) 230-8888
lori.martin@wilmerhale.com
alan.schoenfeld@wilmerhale.com
brad.konstandt@wilmerhale.com
ryan.chabot@wilmerhale.com
gideon.hanft@wilmerhale.com

*Counsel for Defendants Teachers Insurance and Annuity Association of America and TIAA-CREF Individual & Institutional Services, LLC*

```
This confidentiality agreement does not bind the Court or any of its
personnel.  The Court will retain jurisdiction over the terms and
conditions of this agreement only for the pendency of this litigation.
Any party wishing to make redacted or sealed submissions shall comply
with Rule 6(A) of this Court's Individual Rules of Civil Procedure.
```

Dated: New York, New York
       August 16, 2024

SO ORDERED.

*[signature: Katherine Polk Failla]*

11    HON. KATHERINE POLK FAILLA
      UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN CARFORA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, *et al.*, <br><br> *Defendants*. | CASE NO. 1:21-cv-08384 |

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare that:

I reside at _____.

I have read and understand the terms of the Protective Order in the above-captioned matter pending in the United States District Court for Southern District of New York.  I agree to comply with and be bound by the provisions of the Protective Order.  I understand that any violation of the Protective Order may subject me to sanctions by the Court, civil liability, criminal liability, or any combination of the foregoing.  I submit myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing or otherwise providing relief relating to the Protective Order.  I shall not divulge any materials or information, or copies of materials or information, designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" obtained in accordance with the Protective Order, or the contents of such materials or information, to any person other than those specifically authorized by the Protective Order.  I shall not copy or use such materials or information except for the purposes of this litigation and in accordance with the terms of the Protective Order.

  As soon as practicable, but no later than thirty (30) calendar days after final termination of this litigation, I shall destroy any materials or information in my possession designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," or return them to the attorney from which I received such materials or information.  I shall also destroy or return to that attorney, at that time, all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such materials or information.

  I declare under penalty of perjury that the foregoing is true and correct.

Executed: _____  Date: _____