**WILMERHALE**

April 30, 2025

Lori A. Martin

+1 212 295 6412 (t)
+1 212 230 8888 (f)
lori.martin@wilmerhale.com

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



MEMO ENDORSED

Re:   *Carfora et al. v. Teachers Insurance and Annuity Association of America et al.*, No. 1:21-cv-08384 (KPF)

To the Honorable Katherine Polk Failla:

Pursuant to Section 9 of the Court's Individual Practices and Paragraph 9 of the Protective Order entered by the Court on August 16, 2024 (ECF No. 88), Defendants Teachers Insurance and Annuity Association of America and TIAA-CREF Individual & Institutional Services, LLC (together, "TIAA") move to permanently seal Exhibit 1 to the Declaration of Joel D. Rohlf, dated April 25, 2025 (ECF No. 112-1) ("Exhibit 1"). Plaintiffs filed Exhibit 1 provisionally under seal in support of their Opposition to Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint for Lack of Class Standing Concerning Plans in Which Plaintiffs Did Not Participate (ECF No. 109).

TIAA originally produced Exhibit 1 in response to discovery requests propounded by Plaintiffs and designated the document as Confidential in accordance with the Protective Order (ECF No. 88 ¶ 9). Exhibit 1 contains confidential and sensitive business information regarding TIAA and hundreds of its clients. Public disclosure of Exhibit 1 would harm TIAA's competitive standing and violate the privacy interests of both TIAA and its clients. *See Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 120 (2d Cir. 2006) (courts must weigh "countervailing factors" to determine whether the presumption of public access to judicial documents is overcome).

### BACKGROUND

Exhibit 1 is an Excel spreadsheet that includes information regarding the retirement plans of approximately 280 current or former TIAA clients, including universities, schools, government entities and non-profit institutions. *See* Declaration of Jim Mullery, dated April 30, 2025 ("Mullery Decl.") ¶ 4. The data cover a period of 11 years, beginning in 2013 and continuing through October 2024 (the date of production). *Id.* The data reflect, among other things, the identities of TIAA plan clients, the types of marketing suppressions selected by each client and the dates those suppressions were implemented or removed over time, the recordkeeping structure employed by each plan, the status of TIAA's relationship with each client (including

WILMERHALE

The Honorable Katherine Polk Failla
April 30, 2025
Page 2

terminations), and internal categorization and segmentation information for each client, which TIAA uses for marketing purposes. *Id.* ¶ 5.

TIAA requested that Plaintiffs file Exhibit 1 provisionally under seal. *See* ECF No. 111. On April 28, 2025, the Court granted Plaintiffs' request to provisionally seal the exhibit. ECF No. 113. Pursuant to Paragraph 9 of the Protective Order (ECF No. 88), TIAA may move to permanently seal Exhibit 1 if the request is narrowly tailored and is consistent with the presumption in favor of public access to judicial documents set forth by the Second Circuit in *Lugosch*. Plaintiffs take no position on TIAA's motion. ECF No. 111.

## ARGUMENT

TIAA moves to permanently seal Exhibit 1 because it contains sensitive, confidential information about TIAA and its clients. The presumption of public access to judicial documents can be overcome by "countervailing factors." *Lugosch*, 435 F.3d. at 120, 124. The countervailing factors include (i) the "privacy interests of those resisting disclosure," *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); and (ii) whether the documents contain "business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). There are several "countervailing factors" that support overcoming the presumption of access for Exhibit 1.

*First*, Exhibit 1 contains confidential information regarding hundreds of TIAA clients. The spreadsheet includes significant non-public information about these clients, including how and when they implemented or removed marketing suppressions, the manner in which they structured and administered their retirement plans, and the details of their business relationships with TIAA. *See* Mullery Decl. ¶¶ 5, 6. TIAA protects its clients' confidentiality; in particular, it does not disclose client choices with respect to plan design and administration, and in many instances is required under the recordkeeping agreements not to disclose the terms of those agreements. *Id.* ¶ 7. TIAA also has its own privacy interests in preventing disclosure of expansive lists of clients and the nature of its relationships with those clients. *Id.* ¶ 8. The disclosure of confidential information pertaining to large numbers of clients can be injurious to TIAA's business relationships with those clients (and other clients) because clients expect TIAA to maintain their private information in confidence and competitors may seek to solicit its clients. *Id.*

Confidential client information is commonly redacted or sealed by courts applying the *Lugosch* standard. For example, in *Dodona I, LLC v. Goldman, Sachs & Co.*, the court held that the identities of the parties' customers and information about their business relationships raised privacy interests sufficient to "overcome[] the presumption of public disclosure." 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015). Similarly, in *Hypnotic Hats, Ltd. v. Wintermantel Enterprises, LLC*, the court granted a motion to seal or redact exhibits containing customer lists in light of the "significant privacy interests" of the non-parties. 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018).

WILMERHALE

The Honorable Katherine Polk Failla
April 30, 2025
Page 3

*See also Rosario v. Cmty. Hous. Mgmt. Corp.*, 2024 WL 836482, at *3 (S.D.N.Y. Feb. 28, 2024) ("Third-party privacy interests justify the requested sealing and redaction of certain private information."); *Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (granting motion to seal a list of the defendant's clients because it consisted of "sensitive and proprietary information" that was "not generally publicly available").

*Second*, disclosure of the information in Exhibit 1 would place TIAA at a competitive disadvantage. The data within Exhibit 1 are competitively sensitive because they identify TIAA clients, the status of TIAA's relationships with its clients over time, and internal segmentation information. *See* Mullery Decl. ¶ 9. TIAA does not share this data publicly. *Id*. Disclosure of this information would permit competitors to gain useful intelligence about TIAA and its clients that would not ordinarily be revealed in the normal course of business. *Id*. If revealed publicly, this information would "provide valuable insights into [TIAA's] current business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted). Simply put, competitors could use the information to seek to win business from existing TIAA clients. Mullery Decl. ¶ 9.

Courts routinely grant requests to seal or redact client and other nonparty information to protect a party's "competitive interests." *BakeMark USA LLC v. Negron*, 2024 WL 182505, at *2 (S.D.N.Y. Jan. 16, 2024). For example, in *Standard Investment Chartered, Inc. v. Financial Industry Regulatory Authority, Ind*., the Second Circuit upheld the district court's protective order on financial information where "an outsider with knowledge of the final terms" of the parties' deal could "use that information to deduce [the defendant's] negotiation tactics" and "could cause … significant competitive disadvantage." 347 F. App'x 615, 617 (2d Cir. 2009). *See also SEC v. Ahmed*, 2018 WL 4266079, at *3 (D. Conn. Sept. 6, 2018) (granting defendant's motion to seal documents with confidential commercial information about third-party entities that could aid "[c]ommercial competitors seeking an [unfair] advantage" (citation omitted)).

*Third*, Exhibit 1 contains confidential information relevant to TIAA's marketing strategies and practices; namely, how TIAA segments and tracks its clients internally. Mullery Decl. ¶¶ 5, 10. These strategic and operational details are competitively sensitive because, if disclosed, they would give competitors insight into TIAA's business practices—and because TIAA does not have comparable information about its competitors' marketing strategies and practices. Mullery Decl. ¶ 10. Courts applying the *Lugosch* standard have recognized the sensitivity of confidential marketing information. *See, e.g.*, *Kewazinga Corp. v. Microsoft Corp*., 2021 WL 1222122, at *3 (S.D.N.Y. Mar. 31, 2021) ("Courts commonly find that documents that contain … marketing plans … satisfy the sealing standard."); *Church & Dwight Co. v. SPD Swiss Precision Diagnostics GmbH*, 2017 WL 11899387, at *3 (S.D.N.Y. Dec. 1, 2017) (granting motion to redact confidential marketing strategies and non-public information that could "harm [the movants'] relationships with [their] vendors"). Disclosure of the marketing information in Exhibit 1 would expose TIAA to the kind of "competitive injury" that warrants sealing. *See Tropical Sails Corp. v. Yext, Inc*., 2016 WL 1451548, at *4 (S.D.N.Y. Apr. 12, 2016) (granting

WILMERHALE

The Honorable Katherine Polk Failla
April 30, 2025
Page 4

motion to seal judicial documents relating to "marketing strategies" and "company marketing plans" that could provide proprietary information to competitors).

## CONCLUSION

For the foregoing reasons, TIAA respectfully requests that the Court permanently seal Exhibit 1.

Respectfully submitted,

/s/ Lori A. Martin
Lori A. Martin

```
Application GRANTED.  The Clerk of Court is directed to maintain
docket entries 112 and 115 under seal, viewable to the Court and the
parties only.

The Clerk of Court is further directed to terminate the pending
motion at docket entry 114.

Dated:    May 1, 2025              SO ORDERED.
          New York, New York


                                   HON. KATHERINE POLK FAILLA
                                   UNITED STATES DISTRICT JUDGE
```