**COVINGTON**

BEIJING   BOSTON   BRUSSELS   DUBAI   FRANKFURT
JOHANNESBURG   LONDON   LOS ANGELES   NEW YORK
PALO ALTO   SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC  20001-4956
T  +1 202 662 6000

Via ECF

July 17, 2025

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007



       *Re:  Carfora et al. v. TIAA et al.*, No. 21-08384 (KPF) (S.D.N.Y.)

Dear Judge Failla,

       I represent non-party Memorial Sloan-Kettering Cancer Center ("MSK") in connection with Plaintiffs' request for non-party discovery.  I write to respectfully request that the Court deny Plaintiffs' July 14, 2025, letter request for an order compelling MSK to produce documents responsive to Plaintiffs' Subpoena dated February 10, 2025 (the "Subpoena") and for a pre-motion conference.  *See* ECF 122.

       In their letter motion, Plaintiffs "seek to enforce the Subpoena and request a pre-motion discovery conference pursuant to Local Rule 37.2."  ECF 122, at 1.  Plaintiffs' request should be denied because the Subpoena seeks information that could be obtained directly from Defendants, compliance with the Subpoena would impose undue burdens on MSK, and Plaintiffs have failed to narrow the Subpoena despite MSK's good-faith efforts to reach a reasonable compromise.

       *First*, the Subpoena seeks documents from MSK that can be obtained directly from Defendants.[1]  The Subpoena demands that MSK produce documents related to "[Teachers' Insurance & Annuity Association of America and TIAA-CREF Individual & Institutional Services, LLC's] sales or promotion of Non-Plan Products or Services."  ECF 122-1.  As stated in MSK's March 19, 2025, Responses and Objections to the Subpoena, this request requires MSK to produce documents that should be directly obtained from Defendants.  *See* ECF 122-3.

---

[1] The Subpoena is overbroad to the extent that it requires Plaintiffs to produce documents that would also be in Defendants' possession, custody, or control.  *See*, *e.g.*, *Torre v. Charter Communications, Inc.*, No. 19-CV-5708, 2020 WL 7705940, at *1 (S.D.N.Y. Dec. 28, 2020) (quashing non-party subpoena where plaintiffs sought "a large universe of documents from . . . a non-party, that could and should be obtained from [the] [d]efendant.").

COVINGTON

Judge Failla
July 17, 2025
Page 2

*Second*, the Subpoena includes several far-reaching document requests to which MSK cannot easily respond. *See* ECF 122-1. Where discovery is sought from a non-party, "burden and expense are to be weighted more heavily." *Lynch v. City of New York*, No. 16-CV-7355, 2021 WL 4652305, at *2 (S.D.N.Y. Oct. 5, 2021). Although Plaintiffs state that the Subpoena "contains only two document requests," the first of those requests includes seven subparts. ECF 122, at 1; ECF 122-1. Among other requests, Plaintiffs have demanded that MSK produce "all responsive documents" in its "possession, custody, or control" relating to "the sale of Non-Plan products or services," "Financial Consultants' ability to market or otherwise promote Non-Plan Products or Services," and "transfers of Plan assets into Non-Plan Products or Services." ECF 122-1. These materials are not "readily available," as Plaintiffs suggest, and MSK would need to expend significant time and resources to identify and produce any relevant documents. ECF 122, at 2.

*Third*, contrary to Plaintiffs' assertions, MSK has engaged in repeated efforts to reach an appropriate compromise on the scope of the Subpoena. Plaintiffs served the Subpoena on MSK on February 20, 2025. *See* ECF 122-2. On March 19, 2025, when MSK served its Responses and Objections to the Subpoena, pursuant to an agreed extension, MSK offered to meet and confer regarding the responses and objections. *See* ECF 122-3; ECF 122-4. MSK subsequently met and conferred with Plaintiffs on two occasions: March 25, 2025 and April 24, 2025. *See* ECF 122-4. At both meetings, MSK indicated that it was willing to consider a discovery compromise, provided the Plaintiffs exhausted opportunities for party discovery. Plaintiffs did not propose any acceptable resolution, and refused to address their ability to obtain discovery from parties to the litigation. Plaintiffs proceeded to file their July 14, 2025, letter request. *See* ECF 122; ECF 122-4.

COVINGTON

Judge Failla
July 17, 2025
Page 3

For the foregoing reasons, MSK respectfully requests that the Court deny Plaintiffs' July 14, 2025, letter request for an order compelling MSK to respond to the Subpoena. If the Court elects to schedule a pre-motion discovery conference, MSK respectfully requests the opportunity to confer with Plaintiffs about scheduling of that conference.

Respectfully submitted,

*/s/ Laura Flahive Wu*
Laura Flahive Wu
lflahivewu@cov.com
Robert Newman
rnewman@cov.com
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5982

*Counsel to Non-Party Memorial Sloan-Kettering Cancer Center*

cc: Counsel of Record (via ECF)

```
The Court is in receipt of Plaintiffs' letter motion requesting a
conference on its anticipated motion to compel third-party Memorial Sloan-
Kettering Cancer Center ("MSK") to produce documents.  (Dkt. #122).  The
Court is also in receipt of MSK's response in opposition.  (Dkt. #127).
The Court intends to hold a pre-motion conference to discuss the third-
party subpoena.  Accordingly, and as requested by MSK, the Court will
allow the parties to confer regarding the scheduling of this conference.
Plaintiffs and MSK are instructed to file a joint letter proposing times
for a conference on or before July 25, 2025.  While the Court will work to
accommodate the parties, the Court notes that it is presiding over a trial
during the next several weeks, and will have limited availability.

The Clerk of Court is directed to terminate the pending motion at docket
entry 122.

Dated:    July 22, 2025                SO ORDERED.
          New York, New York
```

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE