**Schlichter Bogard**

100 South 4th Street, Suite 1200
St. Louis, MO 63102

314.884.7703
1.800.873.5297

Joel Rohlf                    jrohlf@uselaws.com

*<u>Via ECF</u>*

The Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007



MEMO ENDORSED

February 3, 2026

**Re:    *Carfora et al. v. TIAA et al.*, No. 21-08384 (KPF) (S.D.N.Y.)**
**Opposition to Third Party Plan Sponsors' Supplemental Submissions**
**Regarding Burden of Compliance with Plaintiffs' Subpoenas**

Dear Judge Failla:

Plaintiffs write in opposition to Respondents'[1] supplemental submissions regarding their burden of compliance with Plaintiffs' Subpoenas. Respondents' burden arguments are premised on a document production that Plaintiffs have never requested, as evidenced by the productions by entities that have complied with the Subpoenas. Plaintiffs desire (1) minutes and documents presented to the fiduciary committee[2] and (2) documents from a limited number of key custodians (one or two).

<u>Background</u>

In February 2025, Plaintiffs served the Subpoenas on Respondents. Plaintiffs carefully selected Respondents that would provide a representative cross-section of TIAA recordkept plans. Plaintiffs also issued subpoenas to some Respondents that appeared to contact TIAA to request that TIAA not market its non-plan products and services to its participants, and some Respondents that purportedly did not. Plaintiffs subpoenaed Respondents to determine what a diverse cross-section of institutional fiduciaries did and did not do in the face of TIAA's alleged cross-selling to show what the fiduciary standard should be in this case.

After briefing, the Court held a hearing on Plaintiffs' Consolidated Motion to Compel on January 6, 2026. *See* Doc. 141. At the hearing, the Court requested that Respondents submit affidavits regarding the burden of compliance with the Subpoenas.

After the hearing, the parties met multiple times to attempt to resolve the dispute. As a result of these efforts, all Respondents have now confirmed that they are agreeable to resolving request number two of the Subpoenas. *See* Doc. 207 at 1–2; Doc. 221. However, the parties were unable to reach agreement regarding request number one of the Subpoenas, which requests

---

[1] The Respondents are the California Institute of Technology; University of Chicago; Trustees of Dartmouth College; President and Fellows of Harvard College; Memorial Sloan-Kettering Cancer Center; Northeastern University; and Occidental College.

[2] ERISA plans commonly have fiduciary committees that meet quarterly to make decisions regarding the plans.

documents related to TIAA's promotion and sale of its non-plan products and services to participants, followed by a list of documents that may be encompassed in that request, (a) through (g). *See* Docs. 207; 207-01. Plaintiffs offered to substantially limit the scope of the first request to subsections (a), (b), (d), and (g) only, and during the limited time period of 2014 to 2020, which Respondents rejected. *See* Docs. 207; 207-01.

<u>Argument</u>

Respondents have failed to demonstrate an undue burden here. "When asserting a claim of undue burden, the objecting party 'generally must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.'" *Int'l Code Council, Inc. v. Skidmore, Owings & Merrill, LLP*, No. 24-412-VF, 2025 U.S. Dist. LEXIS 134806, at *6 (S.D.N.Y. July 15, 2025) (quoting *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 262 F.R.D. 293, 300 (S.D.N.Y. 2009)). "A 'conclusory assertion of burdensomeness is entitled to no weight whatsoever.'" *Cris v. Fareri*, No. 10-1926, 2011 U.S. Dist. LEXIS 108362, at *2 (D. Conn. Sept. 22, 2011) (quoting *Jackson v. Edwards*, No. 99-0982, 2000 U.S. Dist. LEXIS 8549, at *8 (S.D.N.Y. June 16, 2000)).

<u>First</u>, Respondents submitted self-serving affidavits that inflate their burden to avoid compliance with the Subpoenas. Respondents have failed to demonstrate that they did any internal investigation or other effort to specify the custodians[3] or files that would contain responsive information. *See Seger v. Ernest-Spencer Metals*, No. 08-75, 2010 U.S. Dist. LEXIS 12754, at *28 (D. Neb. Jan. 26, 2010) (finding respondent's time and expense estimates irrelevant and "merely speculative" because respondent "failed to provide any information about the specific people associated with" the request). Merely submitting affidavits that list every possible custodian and the total number of documents in the respondent's possession is not enough to demonstrate an undue burden. *See EEOC v. Quad/Graphics*, 63 F.3d 642, 649 (7th Cir. 1995) (finding no undue burden when the respondent submitted an affidavit with "inflated" time and expense estimates). If it were, every large institution could avoid complying with subpoenas by simply listing hundreds of custodians and all the documents in their possession. Here, Plaintiffs only seek documents from one or two key custodians and the minutes and documents from fiduciary committee meetings related to this issue. Defendants have not presented any evidence of the burden of such a production.

<u>Second</u>, what Respondents describe is merely the typical burden associated with compliance with a subpoena. *See* Docs. 220-01; 221-01; 222-01; 222-02; 223-01; 224-01; 225-01; *see also Kenyon v. Simon & Schuster, Inc.*, No. 16-327-JFK, 2016 U.S. Dist. LEXIS 140917, at *12–13 (S.D.N.Y. Oct. 11, 2016) (finding that what the respondent "describes as an undue burden is merely the typical process for a corporation responding to document requests" where the respondent would need to identify the relevant department and employees, search for electronic and hardcopy documents, perform keyword searches, review documents for responsiveness, and then review documents for privilege). Respondents assert that they would be required to search email systems and perhaps some physical documents. While inconvenient, this is what compliance with a subpoena entails. *See Acosta v. Am. Lafrance, LLC*, No. 14-881, 2016

---

[3] Some of the Respondents failed to even *identify* any custodians, cost, or time required. *See* Docs. 224-01; 225-01. These types of conclusory assertions of burden are insufficient. *See Cris*, 2011 U.S. Dist. LEXIS 108362, at *2.

U.S. Dist. LEXIS 159485, at *10 (W.D.N.Y. Nov. 17, 2016) ("[S]ubpoenas will likely entail some degree of burden and inconvenience, it is also true that every subpoena imposes a burden [o]n its recipient[.]" (cleaned up)). Respondents do not assert that responsive documents are housed in inaccessible international locations, or in hundreds of boxes across several states, which courts have acknowledged results in a burden. *See In re Novartis & Par Antitrust Litig.*, No. 18-4361-AKH, 2020 U.S. Dist. LEXIS 106863, at *16 (S.D.N.Y. June 18, 2020); *Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 114 (D. Conn. 2005).

Third, complying with the Subpoenas as originally issued does not result in an undue burden, as illustrated by the eight nonparty institutions that have already complied. Of those eight that have complied, six produced fewer than 50 documents, with one even stating that it had no responsive documents, and another stating that the search took a couple of hours. *See* Rohlf Decl. at ¶¶ 6–13. Respondents that asked TIAA not to market to their participants during the relevant time period should not have many documents, either, with only a limited search required. *See Int'l Code Council, Inc.*, 2025 U.S. Dist. LEXIS 134806, at *10 ("[T]he fact that a 'search may be fruitless . . . does not excuse [the respondent] from its obligation to conduct such a search' in the first instance." (quoting *AIU Ins. Co. v. Tig Ins. Co.*, No. 07-7052-HBP, 2008 U.S. Dist. LEXIS 96693, at *11 (S.D.N.Y. Nov. 25, 2008)). In Plaintiffs' experience, there will be one to two custodians who were main points of contact with TIAA during the relevant time period. *See* Rohlf Decl. at ¶¶ 4, 9. Plaintiffs are not seeking email communications with individual participants, as one of the affidavits suggest. *See* Doc. 220-01 at 3. Instead, searching the one to two custodians' files for responsive documents would be a sufficient way to comply with the Subpoenas, and did not impose an undue burden for the nonparty institutions who have complied.

Fourth, Plaintiffs have offered to limit the scope of the Subpoenas, and as a result, the Respondents' burden. Indeed, "[c]ourts generally prefer modifying subpoenas over outright quashing." *Donohue v. Nostro*, No. 20-6100, 2022 U.S. Dist. LEXIS 173579, at *14–15 (W.D.N.Y. Sept. 26, 2022); *see also Delta Air Lines, Inc. v. Lightstone Grp., LLC*, No. 21-374-OTW, 2021 U.S. Dist. LEXIS 98798, at *6 (S.D.N.Y. May 24, 2021) ("Given that the [subpoenaing party] has already narrowed its requests . . . the burden on [the respondent] is small."). Plaintiffs offered to limit their first request to subsections (a), (b), (d), and (g) from 2014 to 2020, which Respondents rejected. With agreement from Respondents, Plaintiffs are more than willing to further limit the scope to one to two custodians and propose search terms. If the Court finds that searching one or two custodians' files is an undue burden, the fiduciary committee meeting materials and minutes should not require extensive document housing, searching and review, so, at the very least, the Court should order production of relevant fiduciary committee minutes and materials.

For these reasons, Plaintiffs respectfully request that the Court grant in part Plaintiffs' Motion to Compel (Doc. 141), requiring Respondents to produce responsive documents to subsections (a), (b), (d), and (g) of the first request of the Subpoenas from 2014 to 2020. If the Court nevertheless determines that additional narrowing is appropriate, Plaintiffs are willing to further narrow their request to solely all minutes and materials for fiduciary meetings where TIAA's marketing and/or sale of non-plan products and services was discussed. This would not require search terms and these materials are ordinarily readily retrievable. Rohlf Decl. at ¶ 5.

Respectfully submitted,

s/ Joel D. Rohlf
Joel D. Rohlf
SCHLICHTER BOGARD LLC
100 South Fourth Street, Suite 1200
St. Louis, MO 63102
Telephone: (314) 621-6115
Facsimile: (314) 621-5934
jrohlf@uselaws.com

*Attorneys for Plaintiffs & the Proposed Class*

cc: All counsel of record (via ECF)

The Court thanks the parties for their submissions and oral argument regarding Plaintiffs' motion to compel (Dkt. #141), and has carefully reviewed their post-argument submissions.

The Court also appreciates the agreements that the parties have reached with respect to Request #2 in Plaintiffs' subpoenas.  (*See* Dkt. #207-1, 221). The Court understands, however, that the parties have not reached consensus on Request #1.

As suggested by the Court's questions at oral argument, the Court views the probative value of the information that may be produced by Request #1 to be negligible, on both an individual and classwide basis.  Conversely, Respondent Universities have shown that the burden on them would be steep. (*See* Dkt. #220-225).  The Court does not believe it is appropriate, under Rule 26, to force the nonparty Universities to bear this burden for information of such limited relevance.  As such, Plaintiffs' motion to compel is hereby DENIED.

Confronted with respondents' substantiation of their burden argument, Plaintiffs make one last effort to narrow their request to include only minutes and materials from fiduciary meetings where TIAA's marketing and/or sale of non-plan products and services was discussed.  Unfortunately, the Court is unaware if this proposition was ever discussed with Respondent Universities.  And by not raising it earlier, Plaintiffs have deprived Respondent Universities of the opportunity to respond to the Court on the issues of relevance and burden.  In light of this, the Court declines to order Respondent Universities to provide minutes and materials from fiduciary meetings.  As above, the Court is unpersuaded that the probative value of the materials would be proportionate to the burden of producing them.

The Clerk of Court is directed to terminate the pending motion at docket entry 141.

Dated:     February 11, 2026          SO ORDERED.
           New York, New York

                                       HON. KATHERINE POLK FAILLA
                                       UNITED STATES DISTRICT JUDGE